UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY S. BURTON,

    Plaintiff,

                                              Case No. 18-13103

v.

                                              Hon. George Caram Steeh

COMMISSIONER OF             Hon. Elizabeth A. Stafford
SOCIAL SECURITY,

    Defendant.

_____/

ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (ECF NO. 25)

On November 18, 2019, Magistrate Judge Elizabeth A. Stafford issued a report and recommendation in this action for social security disability benefits. Magistrate Judge Stafford recommends that the court grant Plaintiff's motion for summary judgment, deny the Commissioner's motion for summary judgment, and remand this matter to the administrative law judge for further consideration under sentence four of 42 U.S.C. § 405(g). The Commissioner submitted timely objections to the report and recommendation, which the court addresses below.

STANDARD OF REVIEW

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of

-1-

the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

When reviewing a case under the Social Security Act, the district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation omitted). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that

error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## ANALYSIS

Plaintiff Tiffany Burton brought this action for judicial review after her application for social security disability benefits was denied. The administrative law judge (ALJ) found that Plaintiff has several severe impairments, including multiple sclerosis, asthma, obesity, depression, anxiety, and post-traumatic stress disorder. The ALJ further determined that Plaintiff has the residual functional capacity (RFC) to engage in light work and that she could perform jobs such as office helper, mail sorter, and inspector. Plaintiff was found to be not disabled within the meaning of the Social Security Act.

Plaintiff sought review of the Commissioner's final decision, claiming several grounds for error, including that the ALJ failed to consider her migraine headaches when determining her RFC. Magistrate Judge Stafford agreed that that ALJ committed reversible error by failing to address the evidence of Plaintiff's migraines. The magistrate judge recommends that the court remand for "further development and

clarification of the extent to which her headaches affect her ability to work." ECF No. 25 at PageID 925-26.

The Commissioner objects, arguing that the ALJ adequately considered Plaintiff's headaches and that, even if she did not, the error was harmless. The Commissioner suggests that the ALJ considered Plaintiff's headaches because it was the ALJ who elicited testimony regarding Plaintiff's headaches at the hearing. The ALJ did not, however, address Plaintiff's headaches at all in her decision. The social security regulations require that the combined effect of all impairments – severe and non-severe – must be considered by the ALJ when determining the claimant's RFC. See 20 C.F.R. § 404.1523(c); 20 C.F.R. § 404.1545(e); *Katona v. Comm'r of Soc. Sec.*, 2015 WL 871617 at *5 (E.D. Mich. Feb. 27, 2015) ("[I]n assessing the claimant's RFC, social security regulations require the ALJ to consider the limiting effects of all of the claimant's impairments -- severe and non-severe."). Here, the ALJ did not address whether Plaintiff's headaches were severe or non-severe, or whether they caused limiting effects.

The Commissioner argues that this is harmless error. According to the Commissioner, the primary limitation arising from Plaintiff's headaches was the need to lie down for hours at a time. The Commissioner points out

that the ALJ considered Plaintiff's allegations that she had difficulty getting out of bed, in the context of her mental impairments, and determined that her alleged limitations were not consistent with the evidence in the record. *See* ECF No. 14-2 at PageID 81.  The court cannot conclude, however, that because the ALJ rejected limitations (difficulty getting out of bed) related to Plaintiff's mental impairments that she also considered or rejected similar limitations (needing to lie down) related to Plaintiff's headaches.  The record does not support such a logical leap.

The court agrees with the magistrate judge that the ALJ's failure to consider Plaintiff's migraine headaches and their limiting effects warrants remand.  *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *Katona*, 2015 WL 871617 at *6 ("Courts in this circuit have held that an ALJ's failure to adequately explain how an impairment affects an individual's RFC may constitute reversible error.").

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Magistrate Judge Stafford's report and recommendation (ECF No. 25) is ACCEPTED and ADOPTED as the order of the court.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (ECF No. 18) is GRANTED, the Commissioner's motion (ECF

-5-

No. 21) is DENIED, the Commissioner's objection (ECF No. 26) is OVERRULED, and this matter is REMANDED for further consideration under sentence four of 42 U.S.C. § 405(g).

Dated:  January 6, 2020

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE